IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY EDEN, | No. 4:24-CV-01783 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT OF SCI-ROCKVIEW, | |
| Respondent. | |

MEMORANDUM OPINION

MAY 22, 2025

Petitioner Corey Eden initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his September 2024 denial of reparole, claiming that the Pennsylvania Parole Board's decision violated his constitutional rights. For the following reasons, the Court will deny Eden's Section 2254 petition.

I.  BACKGROUND AND PROCEDURAL HISTORY

Eden is currently serving a revocation sentence of three to six years' incarceration entered in 2015 by the Court of Common Pleas of Dauphin County, Pennsylvania, for violating his probation on offenses committed in 2011, 2012, and

2013.¹ At the time of his 2015 sentencing, his controlling maximum incarceration date was July 13, 2021.²

In June 2018, Eden was granted parole.³ Several years later, however, he was recommitted as a convicted parole violator and sentenced to 12 months' backtime.⁴ His new maximum date became May 10, 2024.⁵

Eden was next reparoled in March 2022.⁶ Once again, however, he reoffended and was sentenced to an additional recommitment period of six months.⁷ His new maximum date thus became February 19, 2026.⁸

Eden again sought reparole, but on September 16, 2024, the Parole Board denied his request.⁹ The Parole Board provided the following reasons for its decision:

- [Eden's] prior unsatisfactory supervision history.

- Reports, evaluations[,] and assessments/level of risk indicates [Eden's] risk to the community.

- [Eden's] minimization/denial of the nature and circumstances of the offense(s) committed.

- [Eden's] lack of remorse for the offense(s) committed.¹⁰

---

1   *See* Doc. 9-1 at 2, 7.
2   Doc. 9-2 at 1.
3   *See* Doc. 9-3.
4   *See* Doc. 9-4 at 1.
5   *See id.*
6   *See* Doc. 9-5 at 1.
7   *See* Doc. 9-6 at 1.
8   *See id.*
9   *See* Doc. 9-7 at 1.
10  *Id.*

The Parole Board further noted that Eden would next be reviewed for parole "in or after" June 2025.[11]

Eden filed the instant Section 2254 petition approximately one month after receiving his parole denial.[12] Respondent was served with Eden's petition and timely filed a response.[13] Eden filed a traverse on December 26, 2024.[14] His Section 2254 petition is therefore ripe for disposition.

## II. Discussion

Eden's form petition contends that the Parole Board's September 2024 parole denial violated his substantive due process rights under the Fourteenth Amendment.[15] He appears to argue that the reasoning provided by the Parole Board is contradicted by his accomplishments toward rehabilitation during his incarceration, and therefore the Parole Board's denial was "arbitrary, egregious, or consci[ence-]shocking."[16] The Court disagrees.[17]

---

[11] *Id.*
[12] *See generally* Doc. 1.
[13] *See* Docs. 8, 9.
[14] Doc. 10.
[15] *See* Doc. 1 at 1-2.
[16] *See id.* at 2.
[17] Respondent contends that Eden failed to exhaust administrative remedies, so his petition should be dismissed. The Court, however, may forgo an exhaustion analysis and deny a habeas petition that fails on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

3

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."[18] With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria."[19] Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[20] If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience-shocking, a substantive due process challenge will fail.[21]

Eden's substantive due process claim is plainly meritless. As recited above, the Parole Board's decision included numerous, constitutionally permissible reasons for its denial of reparole, none of which is conscience-shocking or arbitrary. This is particularly true in light of Eden's frequent and repetitive parole violations.

---

[18] *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).
[19] *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).
[20] *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).
[21] *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

The Court acknowledges Eden's assertion that he has participated in job training and has been recommended for parole by SCI Rockview officials during his most recent incarceration.[22]  Nevertheless, his disagreement with the Parole Board's decision does not establish a right to habeas corpus relief.

"[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision."[23]  The Parole Board clearly provided "some basis" for its denial, in particular its finding that Eden has an "unsatisfactory supervision history" in light of his repeated parole violations and recommitments.[24]  Eden's dispute with these findings does not give this Court a basis to "second-guess" the Parole Board's decision.

## III.  CONCLUSION

For the foregoing reasons, the Court will deny Eden's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Eden has failed to make a substantial showing of the denial of a constitutional right,[25] or that "jurists of reason would find it

---

[22]  *See* Doc. 1 at 2.
[23]  *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (quoting *Coady*, 251 F.3d at 487).
[24]  *See* Doc. 9-7 at 1.
[25]  28 U.S.C. § 2253(c)(2).

debatable" whether this Court's procedural rulings are correct.[26]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[26]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).